IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

PORTIA BROWN AND
LYRIC FORTNEY, A MINOR, BY AND
THROUGH HER MOTHER AND NEXT FRIEND,
TECHAKA BROWN                                                                 PLAINTIFFS

V.                                                                 CAUSE NO.: 2:08CV27

TESCO PROPERTIES, INC., d/b/a
ROSEWOOD APARTMENTS,
ARMANDO ORTIZ; CRAWFORD
SMITH, AND SHARP, LLC; AND
JOHN DOE                                                                 DEFENDANTS

## MEMORANDUM OF AUTHORITIES

Defendant Tesco Properties, Inc. d/b/a Rosewood Apartments has filed its Response in

Opposition to Plaintiffs' Motion to Remand and hereby submits its Memorandum of Authorities

requesting that this Court deny the Motion to Remand as the Federal jurisdictional limit is facially

apparent for the claims of Plaintiffs herein and the Defendant properly removed this lawsuit.

## I.  FACTS

This is a personal injury action arising out of an incident whereby Plaintiff Portia Brown fell

down an external staircase at the Rosewood Apartments located in Rosedale, Mississippi on May

14, 2007.  Plaintiff Brown testified in her deposition that she was holding her niece, Lyric Fortney,

in her arms who also tumbled down the staircase and received injuries.  (Ex. "2").  Further,

PlaintiffBrown testified she was eight and one-half months pregnant at the time of the incident and

therefore there are three Claimants herein out of the same incident giving rise to the instant lawsuit

as Portia Brown's unborn child would considered viable at the time of the subject incident.  Under

Mississippi law Portia Brown's daughter, Hayden,  would have a separate claim for any pre-natal

injuries which may have occurred in the subject incident. (Ex. "2").  *Rainey v. Horn*, 72 So.2d 434

(Miss. 1954).

Plaintiffs Portia Brown and Techaka Brown, as the mother and next friend of Lyric Fortney, a minor, filed their lawsuit against Defendant Tesco Properties and other Defendants in the First Judicial District of Bolivar County, Mississippi. Defendant Tesco removed the lawsuit to this Court on February 7, 2008 under 28 U.S.C.A. §1332. Plaintiffs then filed a Motion to Remand claiming diversity jurisdiction does not exist.

Plaintiffs only claim for remand in their Motion is that the amount in controversy for each individual Plaintiff does not exceed $75,000.00. Plaintiffs' allegations that the jurisdictional limit is not satisfied is incorrect under the law and facts of this case. Further, Defendant submits Plaintiffs are attempting to manipulate the removal process with intentionally vague pleadings designed to avoid federal court jurisdiction.

### A. Plaintiffs' Response to Request for Admissions

In order to confirm the total amount in controversy over all claims herein, Defendant Tesco sent request for admissions to Plaintiffs to confirm whether or not the total amount in controversy would exceed $75,000.00. Exhibit "1". Rather than properly respond to the request for admissions, Plaintiffs inserted improper objections and then vague statements claiming that "under the current pleadings" Plaintiffs will not seek separate damages "individually" in excess of $75,000.00. This type of vague response (which on its face confirms that the amount in controversy threshold is satisfied) was specifically rejected by this District and potentially calls for implication of the equitable estoppel exception to the one year removal deadline. *Tedford v. Warner Lambert Co.*, 372 F.3d 423 (5th Cir. 2003).

In the response to the request for admissions Plaintiffs admit that "individually" they would

2

not seek damages in excess of $75,000.00 which in turn means collectively Plaintiffs will seek to assert damages in total for all three claims well in excess of the jurisdictional amount. (Ex. "1"). Accordingly, based on Plaintiffs' own response to the request for admissions the total amount in controversy for all three claims herein will be slightly less than $225,000.00 and even for the two named Plaintiffs the total amount in controversy would be slightly less than $150,000.00, thus satisfying the jurisdictional limit for diversity cases. The Plaintiffs' response also confirms that remand is improper as it is facially apparent the amount in controversy requirement is satisfied.

## B. Other Evidence of the Amount in Controversy

Other evidence of the total amount in controversy in excess of $75,000.00 is the testimony of Plaintiffs in their depositions. Despite the claims of Plaintiffs in their pleadings for the Motion to Remand that their bodily injuries from the result of the subject incident were not "severe or disabling," Plaintiffs themselves told a different story in their depositions. Exhibit "2" and Exhibit "3." Portia Brown testified in her deposition that she was still having ongoing symptoms and problems with complaints of pain to her back, arms, neck and head. Plaintiff Brown's depo. at 37-38). Further, Plaintiff Portia Brown testified she continues to seek medical treatment and that her medical expenses/damages continue to increase even one year after the subject incident. *Id*. at 59-69. Likewise, the mother of the injured minor, Lyric Fortney, testified that she is also continuing to seek medical treatment and follow-up care for Lyric Fortney's injuries to her head, swelling under both eyes and abrasions/scars to Lyric's forehead and knees. T. Brown's depo at 25-35. .

## II.  ARGUMENT

Plaintiffs' Motion to Remand should be denied as it is facially apparent that the amount in controversy is in excess of $75,000.00. There are three separate Claimants arising out of one

common set of facts. Plaintiffs have requested the normal elements of damages for all such

Claimants and further testified in their depositions that Plaintiffs Portia Brown and Lyric Fortney,

a minor, continue to seek medical treatment for injuries suffered as a result of the subject incident.

Most significant is the fact that Plaintiffs failed to plainly admit that their damages for the entire case

exceeded $75,000.00 or file a stipulation confirming their damages are below the jurisdictional

threshold. Plaintiffs' argument is merely based on an unfounded and unsupported claim that

common and uniform claims which are added into one single action may not be considered in the

aggregate to calculate the amount in controversy. Such allegation is untrue and no based on binding

legal precedents.

In the instant claim it is apparent that all of Plaintiffs' claims are based on a common

undivided interest arising out of one set of facts and circumstances. Accordingly, case law from

this Circuit confirms that even with multiple plaintiffs all of their claims can be aggregated to satisfy

the jurisdictional threshold to establish federal court jurisdiction. *Allen v. R & H Oil & Gas Co.*, 63

F. 3d 1326 (5th Cir. 1995). Plaintiffs have apparently confused case law which prohibits claims

regarded as "separate and distinct" when considering the jurisdictional limits of federal courts.

*More v. Intel Support Servs., Inc.* 960 F. 2d 466 (5th Cir. 1992) (discussing separate and distinct

breach of contracts claims). These type of decisions are wholly distinguishable from the instant

claim whereby Plaintiffs are seeking to recover for personal injuries arising out of the same set of

facts and circumstances in one single incident.

Rule 18 of the Federal Rules of Civil Procedure permits a litigant to join as many claims as

he or she may have against an opponent regardless of the nature or relationship of those claims. FED.

R. CIV. P. 18 (2007). When multiple plaintiffs join several claims against the defendant, the general

rules, as indicated in the preceding paragraph and the cases cited in the note below, is that the value

of all the claims can be added together in determining whether the requisite jurisdictional amount

in controversy has been satisfied. *Id.*

### A.  Removal to Federal Court Based on Diversity of Citizenship Is Warranted.

Because Plaintiffs' complaint does not allege a specific amount of damages, the removing

defendant must prove by preponderance of evidence the amount in controversy exceeds diversity

jurisdictional amount.  Defendant herein can satisfy its burden by first showing that it is facially

apparent from plaintiffs' complaint that their claims are likely above the jurisdictional amount and

by setting forth facts that support a finding of the requisite amount. *Villarreal v. Smith,* 201 Fed.

App. 192 (5th Cir. 2006); *Holmes v. Citifinancial Mortg. Co., Inc.*, 436 F. Supp. 2d 829 (N.D. Miss.

2006).

The instant case is likened to that of *Holmes.*  Both cases call for the computation of damages

to include pain and suffering and/or mental or emotional damages. *Holmes,* 436 F. Supp. 2d at 832;

Defendant's Pre-Discovery Disclosure of Core Information, pg. 2.  The *Holmes* court acknowledges

that "it is undisputed that Mississippi juries routinely award damages for pain and suffering and/or

mental or emotional damages in excess of $75,000." *Id.*   Due to this acknowledgment and the

additional compensatory damages sought for by the plaintiff in this case, it is apparent on the face

of the plaintiff's complaint and the discovery that they will exceed the diversity jurisdictional

amount of $75,000.  Furthermore, just as in *Holmes*, Plaintiffs herein fail to admit that she will not

seek to amend their pleadings to demand  damages for an amount greater than $75,000.  Exhibit "1."

 Instead, the plaintiffs strategically assert that "*under the current pleadings insofar*" they will not

seek additional damages which, in turn, leaves room to amend. *Id.*   Due to the plaintiff's

5

manipulative assertion and the *Holmes*' court acknowledgment, it is more likely than not that the plaintiff will amend the complaint and seek or allow for more than the jurisdictional requirement of $75,000 which by a preponderance of evidence satisfies the defendant's burden of proof. *Holmes,* 436 F. Supp. 2d. at 831-32.

### III.  CONCLUSION

Defendant Tesco Properties, Inc. d/b/a Rosewood Apartments request that Plaintiffs' Motion to Remand be denied as this Court has full jurisdiction of the parties in the amount in controversy for each of the claims, damages and related sums exceeds the threshold jurisdictional limit of this Court.

**RESPECTFULLY SUBMITTED**, this the 22nd day of July, 2008.

                        **TESCO PROPERTIES, INC.**

                        **/s/ R. Brittain Virden**

                        **BY: R. BRITTAIN VIRDEN, Attorney for Defendant**

**OF COUNSEL:**

**CAMPBELL DeLONG, LLP**
923 Washington Avenue
P.O. Box 1856
Greenville, MS 38702-1856
Telephone: (662)335-6011
Facsimile:  (662) 334-6407

## <u>CERTIFICATE OF SERVICE</u>

      I, R. Brittain Virden, attorney for Defendant herein, do hereby certify that on July 22,  2008 I electronically file the foregoing Answer with the Clerk of Court using the CM/ECH system, which will send notification of such filing to the following: Yancy Burns, Esq. at (yancy@thecrawleylawoffices.com) .

                                                   **/s/ R. Brittain Virden, Esq, MBN 10022**
                                                   **Attorney for Defendant**
                                                   **CAMPBELL DeLONG, LLP**
                                                   **923 Washington Avenue**
                                                   **P.O. Box 1856**
                                                   **Greenville, MS 38702-1856**
                                                   **Telephone (662) 335-6011**
                                                   **Facsimile   (662) 334-6407**
                                                 **E-mail:** bvirden@campbelldelongllp.com