UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

**PORTIA BROWN and LYRIC FORTNEY,**
a minor, by and through her next friend,
**Techaka Brown**   **PLAINTIFFS**

**V.**   **CASE NO. 2:08CV27**

**TESCO PROPERTIES, INC. et al**   **DEFENDANTS**

# ORDER

This cause comes before the court on the plaintiffs' motion, pursuant to 28 U.S.C. § 1447, to remand this case to the Circuit Court of Bolivar County. The court has reviewed the parties' briefs and exhibits and is prepared to rule.

Plaintiffs filed this action seeking recovery for damages arising out an accident in which plaintiff Portia Brown fell down a stairwell at defendant's apartment complex while she was carrying her niece, plaintiff Lyric Fortney, in her arms. Defendant Tesco Properties, Inc. ("Tesco") subsequently removed the case to this court, on the basis of diversity jurisdiction. *See* 28 U.S.C. § 1332. The parties agree that complete diversity exists among them, and the sole dispute is whether the amount in controversy exceeds $75,000. According to the Fifth Circuit:

> [T]here are two methods by which the amount in controversy may be determined. First, removal is proper if it is facially apparent from the complaint that the claims are likely to be above $75,000. Second, if it is not facially apparent that the claims are likely to be above $75,000, a removing attorney may support federal jurisdiction by setting forth the facts in controversy that support a finding of the requisite amount. However, removal may not be based simply upon conclusory allegations.

*Beichler v. Citigroup, Inc.*, 241 F.Supp. 2d 696, 699 (S.D. Miss. 2003)(citing *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)). The Fifth Circuit has also provided these additional

guidelines for determining whether the amount in controversy requirement is met:

> [T]he plaintiff's claim remains presumptively correct unless the defendant can show by a preponderance of the evidence that the amount in controversy is greater than the jurisdictional amount. The preponderance burden forces the defendant to do more than point to a state law that might allow the plaintiff to recover more than what is pled. The defendant must produce evidence that establishes that the actual amount in controversy exceeds [the jurisdictional minimum].

*De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995). If the defendant proves by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount then the burden shifts to the plaintiff, who must prove to a legal certainty that the amount in controversy does not exceed the jurisdictional amount. *Beichler*, 241 F.Supp. 2d at 700-01.

The court would initially note that the complaint in this case seeks an indeterminate amount of damages, and it is not facially apparent from it whether the jurisdictional minimum is met in this case. It is therefore incumbent upon defendant to demonstrate that it is more likely than not that the amount in controversy requirement is met in this case. In attempting to meet this burden, defendant argues that:

> Portia Brown testified in her deposition that she was still having ongoing symptoms and problems with complaints of pain to her back, arms, neck and head. Further, Plaintiff Portia Brown testified she continues to seek medical treatment and that her medical expenses/damages continue to increase even one year after the subject incident. Likewise, the mother of the injured minor, Lyric Fortney, testified that she is also continuing to seek medical treatment and follow-up care for Lyric Fortney's injuries to her head, swelling under both eyes and abrasions/scars to Lyric's forehead and knees.

While this evidence does suggest that plaintiffs' personal injury claims are of some significance, it does not strike this court as being particularly likely that the claim of either plaintiff exceeds the $75,000 jurisdictional amount.

Each plaintiff has specifically denied that they "individually" seek in excess of $75,000,

and defendant has submitted no evidence which suggests otherwise. Tellingly, defendant erroneously cites the Fifth Circuit's decision in *Allen* in support of the proposition that "case law from this circuit confirms that even with multiple plaintiffs all of their claims can be aggregated to satisfy the jurisdictional threshold to establish federal court jurisdiction." In reality, the Fifth Circuit's decision in *Allen* supports only the aggregation of punitive rather than compensatory damages, *see Allen,* 63 F.3d at 1333, and the plaintiffs here do not seek punitive damages.

It is well established that a "defendant seeking to remove a case cannot aggregate the claims of multiple plaintiffs to meet the $75,000 threshold unless these plaintiffs assert a common and undivided interest." *See Ackerman v. Louisiana Gas Development Corp.*, 2006 WL 1751904, *1 (S.D. Tex. 2006). No such common and undivided interest is present here. Defendant has failed to establish that the amount in controversy requirement is met in this case, and the motion to remand is therefore due to be granted.

In light of the foregoing, it is hereby ORDERED that plaintiffs' motion for remand [13-1] is GRANTED, and this case is hereby remanded to the Circuit Court of Bolivar County.

This is the 25th day of September, 2008.

/s/ MICHAEL P. MILLS
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**